T^ER curiam.
 

 Haywood and Stone, Junices, present.
 

 The'.
 
 ■*-
 
 premises in question consist of a small parcel ol land com» prized in a grant to Skippen, dated in-1725, and also in a grant-' to the father ef the lessor of the plaintiff, dated in 2 762 ; which latter grant lopped over upon the former. It is admitted the former, patentee once had title to it; but it is contended that there has been such a possession in the latter patentee and those claiming under him, as has destroyed that title, and acquired one for the lessor of the plaintiff As to the nature
 
 oi
 
 the possession that is calculated to have the operation, it. is to be collected from a recurrence to the time of passing the act of limitations, ■and the then circumstances of this country ; the act was passed ins
 
 17IS,
 
 when this country was but thinly inhabited, and it was the policy of the legislature to encourage its population. In many
 
 *57
 
 instances, tbe surae land was covered by two or more grants ; and frequently when a latter patentee or those claiming under him, had settled upon the land comprized in his grant, and had cleared and improved it, he was turned out of possession by the exhibition of a prior grant; — this tended to discourage the making of settlements, and of course repressed population : — The legislature, therefore, provided the act of limitations to obviate these mischiefs ; and it was the intent of the act, that where a mm settled upon and improved lands upon supposition that they Were his own, and continued in the occupation for seven years, he should not be subject to be turned out of possession ; hence arises die necessity for a colour of title; for if he has no such colour or pretence of tide, be cannot suppose the lands are his own, and he settks upon them in his own wrong. The law has fitted the term of seven years both for the benefit of the prior pa-tentee as the settler, that the latter might not be disturbed after that time ; and that in that time the prior patentee might obtain notice of the adverse claim and assert his own right; hence arises the necessity that the possession should be notorious and public, and in order to make it so, that the adverse claimant should either possess it in person, or by his slaves, servants or tenants; for feeding of cattle or hogs, or building bog-pens, or cutting wood fiom off the land, may be done so secretly as that the neighborhood may not take notice of it; and if they should, such facts do not prove an adverse claim, as all these are but acts of trespass ° Whereas, when a settlement is made upon the land, houses erected, lands cleared mid cultivated, and the party openly continues in possession, such ¡acts admit of no other construction than this, that the possessor means to claim the land as his own ; in order to make this notorious in the country, he must also continue the possession for seven years — 'occasional entries upon the land will not serve j for they may be either not observed,, or if observed, may not be considered as the operation of rights ; — and from this view of the subject, arises the following definition of possession which is calculated to give a title : — A. possession under colour of title, taken by a man himself, his servants, slaves or tenants, and by him or them continued without interruption for seven years together.
 

 There was a verdict for the plaintiff*